[Civ. No. 23564. Second Dist., Div. Three. Nov. 3, 1959.]

ELLA BERTHA COWIN et al., Appellants, v. JAMES E. LINDSAY, JR., et al., Defendants; RUSSELL L. JOHNSON, Respondent.

Robert H. Lund for Appellants.

Overton, Lyman & Prince and Carl J. Schuck for Respondent.

SHINN, P. J.—The present action was instituted by Ella Bertha Cowin, surviving wife, and Carol Cowin, a daughter of James Albert Cowin, against Dr. James E. Lindsay, a dentist, and Dr. Russell L. Johnson, an anesthetist, for the alleged wrongful death of Mr. Cowin, who passed away under general anesthesia in the course of the extraction of his teeth. Pursuant to a covenant not to sue, the action was dismissed as to Dr. Lindsay and in a jury trial verdict and judgment were in favor of Dr. Johnson. Plaintiffs appeal.

Error is assigned in the claimed refusal to give three instructions on the doctrine of res ipsa loquitur which were desig-

nated by plaintiffs as instructions to be given on their behalf. They are set out in the margin.[1]

---

[1] "BAJI No. 206-B: From the happening of the accident involved in this case as established by the evidence, an inference arises that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference itself is a form of evidence, and if none other exists tending to overthrow it, or if the inference (either alone or with any other evidence supporting it), preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that (he) (it) did, in fact, exercise (ordinary) (the utmost) care and diligence or that the accident occurred without being proximately caused by any failure of duty on (his) (its) part."

"BAJI No. 206-C: The instruction just given may appear to constitute an exception to the general rule that the mere happening of an accident does not support an inference of negligence. The instruction, however, is based on a special doctrine of the law which may be applied only under special circumstances, they being as follows:

"First: The fact that some certain instrumentality by which injury to the plaintiff was proximately caused, was in the possession and under the exclusive control of the defendant at the time the cause of injury was set in motion; it appearing on the face of the event that the injury was caused by some act or omission incident to defendant's management.

"Second: The fact that the accident was one of such nature as does not happen in the ordinary course of things, if those who have control of the instrumentality use ordinary care.

"Third: The fact that the circumstances surrounding the causing of the accident were such that the plaintiff is not in a position to know what specific conduct was the cause, whereas the one in charge of the instrumentality may reasonably be expected to know and be able to explain how the accident was caused, or at least be able to show that no failure of duty on his part was a cause.

"When all these conditions are found to have existed, they beget the inference of negligence and proximate cause concerning which I have instructed you. Also they make it reasonable that the defendant be required to show what he knows, if anything, about the causing of the accident."

"BAJI No. 206-D: In making such a showing, it is not necessary for a defendant to overcome the inference by a preponderance of the evidence. Plaintiff's burden of proving negligence by a preponderance of the evidence is not changed by the rule just mentioned. It follows, therefore, that in order to hold the defendant liable, the inference of negligence, either alone or such other evidence, if any, as favors it, must have greater weight, more convincing force in the mind of the jury, than the opposing explanation offered by the defendant and any other evidence supporting it.

"If such a preponderance in plaintiff's favor exists, then you must find that some negligent conduct on the part of defendant was a proximate cause of the injury; but if the evidence preponderates in defendant's favor, or if in the jury's mind an even balance exists as between the weight of the inference and such evidence as favors it, on the one side, and the weight (of the) contrary explanation and such evidence as favors it, on the other side, neither having the more convincing force, then the verdict must be for the defendant."

██ Defendant contends that the instructions were not requested but that if they were requested they were withdrawn before the jury was instructed. They were requested by listing their numbers under which they are identified in the book of approved jury instructions which is in common use. The parties understood that they had been requested and we deem the request to have been sufficient. But we are also of the opinion that the request was withdrawn by plaintiffs.

The following proceedings took place in chambers: "MR. LUND: With regard to the instructions, the Court indicated the last time that it intended to give the instructions which I have requested on res ipsa loquitur. *In re Salgo* vs. *Stanford University* case, 154 Cal. App. (2d), came down recently, and I have some conflict in my mind as to whether or not res ipsa should be given in this case. THE COURT: Do you desire to withdraw it? MR. LUND: If the Court indicates that it will give the instruction if I do not withdraw it, in that case I would withdraw the instruction from my group of requested instructions, not because I don't think it applies, but in the interest of caution to protect my record. MR. SCHUCK: What is this? MR. LUND: In other words, I raise this case. If the Court indicates that it agrees with me it may put a conflict in it and reject my instructions as such. I would rather have my record in that situation than to—— THE COURT: *Solgo* vs. *Stanford Hospital,* 154 Cal. App. (2d)? MR. SCHUCK: The citation is in Section 11 of 154 ACA. THE COURT: Let's take a look at it. Well, the objections raised by the defense are good. The instruction will not be given. I think that the case is in point holding that there is no general agreement among doctors on this question, and to give it is improper, so I think whether it should be the question of res ipsa loquitur will be eliminated from the instructions. MR. SCHUCK: Your Honor may recall it in my sheet, objecting, I said if it is given I requested 206-A. That would automatically withdraw 206-A as well. I think it is 206, if I remember right. THE COURT: It's 206, and 206-A provides, both provide——"

Nothing further was said on the subject and the court did not give the instructions.

The following facts emerged from the conference in chambers: Plaintiffs had requested an instruction that from the evidence an inference arose that defendant was negligent; plaintiffs' attorney had read the case of *Salgo* v. *Leland Stanford etc. Board Trustees,* 154 Cal.App.2d 560 [317 P.2d 170], in which it was held reversible error to give the same instruc-

tion; he feared that it would be error to give the instruction in the present case; he stated that rather than have the instruction given he would withdraw his request. The request for the instruction was thereby withdrawn. It could not have been more effectively withdrawn than by the statement to the court that plaintiffs did not wish to have it given. It was the only instruction on res ipsa loquitur that had been requested. The court ruled that it would not be given. If after learning that the court would not give it, plaintiffs had changed their minds and desired to resubmit the instruction, they should have so stated. If the court had again declined to give it plaintiffs could properly have assigned error. But they stood upon their announced intention to prevent the court from giving the instruction by withdrawing it. We do not see how they can justify their appearing before this court and asserting that they believed it was a proper instruction, that they requested the court to give it, they did not indicate that they did not want the court to give it, and that the court refused their request that it be given and thereby committed error. The record demonstrates that their claim of error is groundless.

The judgment is affirmed.

Vallée, J., concurred.

A petition for a rehearing was denied November 24, 1959.